UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TERESA A. LARGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:14-CV-511-PLR-CCS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This Social Security appeal is before the Court for consideration of the Commissioner's objections [R. 19] to the Report and Recommendation filed by United States Magistrate Judge C. Clifford Shirley [R. 18]. Plaintiff has responded to the Commissioner's objections [R. 20]. Magistrate Judge Shirley found that the Administrative Law Judge (ALJ) failed to explain his reasons for declining to endorse the opinions of Dr. Misra and Dr. Whitman, and instead, gave controlling weight to the opinion of Dr. Pedigo, who never examined Plaintiff. Thus, Magistrate Judge Shirley recommended that Plaintiff's motion for summary judgment be granted to the extent that the matter be remanded to the ALJ to allow the ALJ to state the weight assigned to each medical source opinion and articulate, with specificity and citation to the record, the reasons for the weight assigned to the opinions of Drs. Misra, Whitman, and Pedigo.

1

Plaintiff made her application for disability insurance benefits alleging disability beginning July 28, 2011, due to degenerative back disease, bilateral leg pain, knee pain, diabetes, and depression. The claim was denied by the ALJ on June 31, 2013. The Appeals Council denied Plaintiff's request for review, and Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the Court has now undertaken a *de novo* review of those portions of the Report and Recommendation to which the Commissioner objects. For the reasons that follow, the Commissioner's objections will be overruled.

The Commissioner admits that the ALJ acknowledged that Dr. Misra, an examining physician, and Dr. Whitman, a non-examining state agency medical consultant, limited Plaintiff to sedentary work. However, the ALJ determined that the clinical medical evidence of record, Plaintiff's testimony, and her reported activities of daily living were more consistent with the ability to perform a range of light work as opined by non-examining state agency medical consultant Dr. Pedigo. Thus, the Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

Plaintiff responds that the ALJ's decision is not supported by substantial evidence in that it is inconsistent with the only opinion evidence provided by an examining source, Dr. Misra, as well as the opinion evidence provided by agency examiner Dr. Whitman, without adequate explanation for the inconsistency. The Court agrees.

The ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, depression, and panic disorder. Taking these impairments into

consideration, the ALJ found that Plaintiff retained the residual functional capacity to perform a limited range of light work.

Plaintiff testified that her legs go numb and she needs to "sit a lot or either stand a lot and walk around just to get ease from it." Her hips "hurt very badly," and she can hardly sleep at night. When her leg hurts, she has constant "excruciating pain" from her hips down to her toes. She takes ibuprofen as she has no insurance. She spends 6-7 hours a day sitting or reclining, but even that does not stop her pain completely.

The record shows that an MRI of Plaintiff's lumbar spine conducted in January 2010, revealed a forminal disc herniation at L5-S1. Plaintiff reported persistent pain in her back which radiates down to her buttock, thigh, and calf on the left side. On October 13, 2011, Plaintiff underwent a consultative examination with Dr. Misra. Dr. Misra noted positive straight leg raises on the left; decreased range of motion of the lumbar spine; and decreased range of motion of the bilateral knees. Right knee x-rays revealed degenerative changes. Dr. Misra opined that in an 8-hour workday, Plaintiff could occasionally lift and carry 10 pounds for one-third of the time; frequently lift and carry 10 pounds for up to two-thirds of the time; stand or walk for 2 hours; and sit without restrictions.

On November 9, 2011, Plaintiff's file was reviewed by Dr. Whitman, an agency medical consultant. Dr. Whitman similarly opined that Plaintiff could lift or carry 10 pounds one-third of the time; less than 10 pounds two-thirds of the time; stand or walk for at least 2 hours in an 8-hour workday; and sit for 6 hours.

3

On March 13, 2012, non-examining agency physician Dr. Pedigo, reviewed Plaintiff's file. Dr. Pedigo opined that Plaintiff could lift and carry 20 pounds occasionally, and 10 pounds frequently; stand, walk, and/or sit for 6 hours in an 8-hour workday.

The ALJ's decision does not clearly articulate the rationale for disregarding the opinions of Dr. Misra and Dr. Whitman. The decision must specify the reasons for the ALJ's findings and conclusion. *Bailey v. Comm'r of Soc. Sec.,* 173 F.3d 428 (6th Cir. 1999). Although the ALJ cited Plaintiff's lack of medical treatment for disregarding the opinions of the agency physicians, Plaintiff testified that a lack of insurance has prevented her from obtaining ongoing treatment. The records from her treating physicians noted complaints and medical findings consistent with Plaintiff's allegations of disabling pain, and Dr. Misra and Dr. Whitman opined that Plaintiff could perform no more than sedentary work. Generally, more weight is given to an examining source than to the opinion of a non-examining source. 20 C.F.R. §§ 404.1527(c)(1).

After a careful review of the record and the parties' pleadings, the court is in complete agreement with the Magistrate Judge's recommendation that Plaintiff's motion for summary judgment be granted to the extent that this matter be remanded to the agency for the ALJ to state the weight assigned to each medical source opinion and articulate, with specificity and citation to the record, the reasons for the weight assigned to the opinions of Drs. Misra, Whitman, and Pedigo.

Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons

4

stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that the plaintiff's motion for summary judgment [R. 14] is **GRANTED**; the Defendant Commissioner's motion for summary judgment [R. 16] is **DENIED**; and this case is **REMANDED** to the Commissioner for further proceedings as follows:

The ALJ shall reassess Plaintiff's residual functional capacity based on a consideration of the record as a whole, specifically stating the weight assigned to each medical source opinion and articulate, with specificity and citation to the record, the reasons for the weight assigned to the opinions of Drs. Misra, Whitman, and Pedigo.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
  s/ *Debra C. Poplin*
  CLERK OF COURT